UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESIRA JEFFREY ST. VICTOR,

    Plaintiff,

v.                          Case No: 2:16-cv-571-FtM-99MRM

KEVIN J. RAMBOSK,

    Defendant.
_____

**ORDER OF DISMISSAL**

Plaintiff, a detainee at the Collier County Jail in Collier County, Florida, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed July 20, 2016). Along with his complaint, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2).

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). For the reasons set forth in this Order, the complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

                      **I.  Complaint**

Plaintiff alleges the following: On March 28, 2016, Plaintiff was sitting on the bottom bunk of Cell Nine at the

Collier County Jail when the top bunk collapsed and landed on his lower back (Doc. 1 at 5). He wrote a grievance, about the bunk's collapse, but the grievance was returned to Plaintiff with its front page missing. Id. at 6. Plaintiff did not seek medical attention because the deputies told the nurses that nothing happened. Id. The inadequate medical attention caused Plaintiff to fall down the stairs on April 29, 2016. Id.

On June 16, 2016, Plaintiff was placed in Cell Eight of the Collier County Jail which was not inspected for Plaintiff's safety, and the top bunk is "unstable and detached from the hinges on the wall." Id. He has written three grievances about Cell Eight. Id.

Plaintiff asserts that "[d]ue to negligence, I was placed in uninspected cells that were safety hazards and poorly, negligently maintained by jail maintenance." (Doc. 1 at 6). He asserts that the accident in Cell Nine indicates that it "was a condemned and hazardous cell that was neglectfully maintained and was never inspected for my (safety or entry) which is a serious Florida Jail model standard violation." Id. at 5-6. Plaintiff urges that "[i]f I was sleeping in the bunk [it] would've landed on my head and smashed my skull. Due to negligence." Id. at 6.

Plaintiff asserts that the March 23, 2016 incident traumatized him. He now has nightmares and cannot sleep (Doc. 1 at 6). He is nervous when sleeping on the bottom bunk, and mental health has done nothing for him. Id. Plaintiff asks for $50,000

in punitive damages; $50,000 in compensatory damages; $50,000 in unspecified monetary damages; declaratory and injunctive relief; $50,000 for the deprivation of due process; $50,000 for ordinary negligence; $50,000 for cruel and unusual punishment; and $50,000 for mental anguish. Id. at 6-7. He bases his claims on the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.[1] Id. at 5.

## II.  Legal Standards

A federal district court is required to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-

---

[1] It is unclear from the pleadings whether Plaintiff was a prisoner or a pre-trial detainee at the Collier County Jail at the time of the incident about which he complains. If Plaintiff was a pre-trial detainee, his cruel and unusual punishment claims sound properly in the Fourteenth Amendment right to due process of law rather than in the Eighth Amendment. See Lancaster v. Monroe County, Alabama, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). Nevertheless, allegations of cruel and unusual punishment are analyzed in identical fashions regardless of whether they arise under the Due Process Clause or the Cruel and Unusual Punishment Clause of the United States Constitution. Taylor v. Adams, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000).

      (A)   the allegation of poverty is untrue; or

     (B)  the action or appeal-

         (i)       is frivolous or malicious;

         (ii)      fails to state a claim on which relief may be granted; or

         (iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

### III. Analysis

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must

allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380-1381 (11th Cir. 1982).

It is clear that, in his official capacity as the Sheriff of Collier County, Defendant Rambosk is a state actor. There is also no question that the right of which Plaintiff alleges he has been deprived—the right to safe conditions while confined by the Collier County Sheriff's Department—is encompassed within the "liberty" protected by the Fourteenth Amendment's Due Process Clause. See Ingraham v. Wright, 430 U.S. 651, 673 (1977) (personal security is a "liberty" interest protected by the Due Process Clause). The only remaining question is whether Defendant Rambosk engaged in unconstitutional conduct that deprived Plaintiff of this right. This Court concludes that he did not.

### A. Plaintiff's negligence claim is not properly brought under 42 U.S.C. § 1983

The gravamen of Plaintiff's complaint is that Defendant Sheriff Rambosk at the Collier County Jail negligently failed to

follow "Florida Jail Model Standards" by inadequately inspecting the bunk in Cell Nine (Doc. 1 at 6). Defendant Rambosk's negligence led to the bunk's collapse and Plaintiff's injury. Section 1983 cannot be used as a tool to bring a generalized negligence-based tort suit in federal court. Instead, it remedies errors of constitutional dimensions. In order to state an Eighth Amendment prisoner conditions suit relating to the faulty bunk, Plaintiff would have to show: (1) that the alleged failure in maintenance was, "objectively, sufficiently serious" and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) that officials charged with performing the maintenance were deliberately indifferent to "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, (1994). That is, a constitutional violation of the type most analogous to Plaintiff's claim would require considerably more than the mere negligence alleged here. See Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (noting that the subjective component of the deliberate indifference test requires more than even gross negligence). Instead, Plaintiff must show that an "official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

Here, Plaintiff has not alleged any facts indicating that Sheriff Rambosk knew the bunk would (or was likely to) fall, and then callously and deliberately chose to disregard that risk.

- 6 -

Rather, Plaintiff claims only that the bunks should have been routinely inspected and that Defendant Rambosk negligently failed to do so. Consequently, Plaintiff's negligence-based claim fails as a matter of law. See Daniels v. Williams, 474 U.S. 327 (1986) (prison official's negligence in failing to protect inmate from harm does not give rise to a cause of action under § 1983); Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence."); Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002) ("While the violation of state law may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under section 1983."). Plaintiff's negligence claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

> **B. Plaintiff has not stated a claim for respondeat superior liability under 42 U.S.C. § 1983**

Plaintiff makes no specific allegations against Defendant Rambosk in the body of his complaint. Indeed, even a liberal reading of the complaint indicates that the Sheriff did not personally participate in any alleged wrongdoing. To the extent Plaintiff urges that the Sheriff is liable under § 1983 for the negligence or deliberate indifference of the staff members of the Collier County Jail under a theory of supervisory liability, he does not state a claim. It is well established in the Eleventh

Circuit that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of respondeat superior. See Kruger v. Jenne, 164 F.Supp.2d 1330, 1333–34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that [supervisor] who provided medical care for state inmates could not be sued under § 1983 on respondeat superior theory). Instead, supervisory liability under § 1983 occurs when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional violation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Although Monell liability can be predicated upon the Sheriff's Office having an official policy or custom that caused the violation of the plaintiff's rights,[2] Plaintiff does not allege that a faulty policy or regulation led to the Cell Nine bunk failure. Instead, he

---

[2] See Connick v. Thompson, 563 U.S. 51, 60-61 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting Monell, 436 U.S. at 691).

argues that it was the officers' negligent failure to follow an existing policy that caused his harm (Doc. 1 at 6).

Because they are based solely upon a theory of respondeat superior, and because Plaintiff does not allege a sufficient cau—sal connection between Defendant Rambosk and the faulty bunk or the alleged lack of medical treatment afterwards, Plaintiff's claims against Defendant Rambosk are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.   Plaintiff's request for injunctive relief is unavailable in this 42 U.S.C. § 1983 action

As part of his compensation, Plaintiff seeks "declaratory and injunctive relief" (Doc. 1 at 7).  It is unclear why Plaintiff believes he is entitled to this relief or even the exact relief requested. Plaintiff does not assert that the Collier County Sheriff's Office has an ongoing policy of engaging in conduct that violates federal law; therefore, there is no alleged continuing violation of federal law to enjoin in this case, and an injunction under § 1983 is not available. See Green v. Mansour, 474 U.S. 64, 73 (1985) (recognizing that when there is no claimed continuing violation of federal law, there is no occasion to issue an injunction).  Any claim for injunctive relief is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.  Plaintiff has not alleged a violation of the Equal Protection Clause**

In order to establish a claim cognizable under the Fourteenth Amendment's Equal Protection Clause, Plaintiff must, at a minimum, demonstrate that: (1) he is situated similarly to other prisoners who have received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1318–1319 (11th Cir. 2006).

Plaintiff has not stated a claim that he has suffered unequal treatment in violation of the Equal Protection Clause.  Any order by Defendant Rambos that Plaintiff be kept in a cell was based upon his status as a detainee, not upon Plaintiff's race, religion, national origin, or any other constitutionally protected basis, and Plaintiff has not alleged otherwise. Romer v. Evans, 517 U.S. 620, 631 (1996) (unless a challenged classification burdens a fundamental right or targets a suspect class, the Equal Protection Clause requires only that the classification be rationally related to a legitimate state interest).  Accordingly, Plaintiff fails to state a viable equal protection claim, and his equal protection claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 915(e)(2)(B)(ii).

### III. Conclusion

Plaintiff's 42 U.S.C. § 1983 complaint fails to state a claim on which relief can be granted. Section 1983 cannot be used as a tool to bring a generalized negligence-based tort suit in federal court. In addition, Plaintiff has not stated claims for supervisory liability, injunctive relief, or a violation of the Equal Protection Clause. The Court notes that the dismissals are <u>without prejudice</u> to Plaintiff raising his negligence-based claims in state court.[3] Accordingly, it is now **ORDERED:**

1. Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The complaint is **DISMISSED** without prejudice to Plaintiff filing his negligence-based tort claims in state court.

3. The **Clerk of the Court** is directed to terminate all pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this __12th__ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Desira Jeffrey St. Victor

---

[3] The Court takes no position on the timeliness or the merits of Plaintiff's state law claims or his likelihood of success in state court.